IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC § § § | |
| v. § | NO. 4:24-CV-00804-SDJ-BD |
| § | |
| THE TOWN OF WESTLAKE, TEXAS, § *et al.* § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vertical Bridge Development, LLC, moved to amend or supplement its complaint. Dkt. 48; *see* Dkt. 1 (complaint). Defendants the Town of Westlake, Texas, and the Town Council for the Town of Westlake, Texas, filed a response in opposition. Dkt. 51; *see* Dkt. 55 (reply). The court will grant Vertical Bridge leave to supplement its complaint.

**LAW**

A motion for leave to amend a pleading is proper when a party seeks to allege facts that "relate to matters that [took] place prior to the date of the earlier pleading." 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1473 (3d ed. Supp. 2025). A motion for leave to supplement a pleading is proper when "it concerns events that occurred after the filing of [the] original complaint." *Jarvis v. Allison*, 776 F. App'x 267, 268 (5th Cir. 2019). Because the proposed pleading change here concerns an event that occurred after the original complaint was filed, supplementation, rather than amendment, is the appropriate request.

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." That language differs from the text of Rule 15(a), which governs amendment. As the Fifth Circuit has noted, although "the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide" and is instead "clear that the court *may*

permit a supplemental pleading setting forth changed circumstances." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (1998).

Nevertheless, Rule 15(d) "is intended to give the court broad discretion in allowing a supplemental pleading," Fed. R. Civ. P. 15, advisory cmte. n. to 1963 amend., and "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983). "In exercising its discretion, the district court should consider whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action." *Id.* "An application for leave to file a supplemental pleading . . . should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1504 (3d ed. Supp. 2025) (footnote omitted).

## DISCUSSION

According to the complaint, Dkt. 1, Vertical Bridge constructs telecommunication infrastructure for clients across the United States. It applied for a specific-use permit to build a cell tower in Westlake. The town council orally denied that application at a hearing in July 2024. Days later, Vertical Bridge asked Westlake's attorney whether there would be a written decision documenting the denial. Dkt. 55-1 at 2–4. He responded that "[t]here is no written decision from the Town Council" and that "[t]he minutes, once approved, will be available." Dkt. 55-1 at 2. The Town Council approved the minutes on August 5, 2024. Understanding that approval to be the "final action" that opened the 30-day window to sue, *see* 47 U.S.C. § 332(c)(7)(B)(v), Vertical Bridge filed its original complaint on September 3, 2024.

After months of litigation, on March 24, 2025, Westlake adopted a written resolution denying Vertical Bridge's application. Dkt. 48 at 2. Vertical Bridge seeks leave to supplement its complaint to account for the resolution. Specifically, it intends to plead that either the adoption of the town council's minutes or, in the alternative, the adoption of the resolution was the final action for purposes of § 332(c)(7)(B)(v).

Vertical Bridge relies on *T Mobile Northeast LLC v. City of Wilmington*, 913 F.3d 311 (3d Cir. 2019). In that case, T Mobile filed an application with Wilmington to attach an antenna to the top of a building. *Id*. at 316. Wilmington's zoning board orally denied the application and did not initially commit its decision to writing. *Id*. Believing that the oral denial started its 30-day clock under § 332(c)(7)(B)(v), T Mobile sued. *Id*. at 316-317, 317 n.3. But after Wilmington answered, the zoning board issued a written decision explaining its reasons for the denial. *Id*. at 316. Nearly a year later, T Mobile moved to supplement its original complaint under Rule 15(d) to account for the written decision. *Id*. at 317. The district court granted that motion, but it also granted Wilmington's motion for summary judgment because the original complaint was unripe without a written decision and the supplemental complaint could not fix the ripeness issue because it was filed more than 30 days after the written decision was issued. *Id*. On appeal, the Third Circuit held that the district court rightly granted the motion to supplement, and it reversed the grant of summary judgment. *Id*. at 326, 332. As to supplementation, the court explained that Wilmington long had notice of the filing of the written denial—it was the city that issued it, after all—and because the issuance of the written denial was related to the original complaint. *Id*. at 326.

Vertical Bridge similarly seeks to supplement its original complaint to include the written decision it received from the defendants after it filed suit. That decision addresses the same application at issue in the original complaint. And Westlake adopted the resolution, so Westlake had notice of that action as early as anyone. Supplementation is appropriate for the same reasons it was appropriate in *T Mobile*.

The defendants ask the court to deny supplementation or to condition supplementation on Vertical Bridge reimbursing Westlake "for attorneys' fees and costs incurred to respond to an

amended or supplemental complaint." Dkt. 51 at 2. They offer three arguments in support of denial.

First, the defendants argue that the motion is futile because the proposed supplemental complaint attempts to invalidate the resolution and if the resolution were invalid, § 332(c)(7)(B)(iii)'s requirement of a written decision could not be met. Second, the defendants say that amendment is not permitted under Rule 15(c)(1)(B), which allows amended claims to relate back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," because the proposed supplemental complaint's alternative theory of relief seeks redress for a different act by Westlake (adoption of the resolution denying the application, rather than adoption of the town council's minutes) and for different claims (preemption versus lack of substantial evidence). *See* Dkt. 48-2 (showing Vertical Bridge's proposed changes to the original complaint). Third, the defendants argue that allowing Vertical Bridge to supplement would encourage other similarly situated plaintiffs to rush to the courthouse.

Those arguments fail. First, granting leave to supplement would not be futile because Vertical Bridge does not seek just to invalidate the resolution. Although the proposed supplemental complaint asserts that the "the March 2025 Resolution is null and void," it alternatively asserts claims in the event that "the March 2025 Resolution is found to constitute a written denial and 'final action.'" Dkt. 48-1 at 15. Second, unlike in *T Mobile*, relation back under Rule 15(c) is unnecessary here because there is no limitations problem, given that Vertical Bridge seeks to supplement its complaint within 30 days of Westlake's adoption of the resolution. *See* 47 U.S.C. § 332(c)(7)(B)(v). And in any event, Vertical Bridge's claims all relate to the same denial by the defendants, however that decision was memorialized. Third, supplementation would not incentivize premature litigation. Westlake's attorney suggested to Vertical Bridge that there would not be a written decision and that the adoption of the minutes would be the final action. Vertical Bridge then sued within the statutorily prescribed deadline after the minutes were adopted. And then, when Westlake changed its tune through adoption of the written decision, Vertical Bridge

4

sought to supplement its complaint within 30 days of that action. At each point, Vertical Bridge did what a prudent party would do to preserve its claims.

As to the defendants' request for fees and costs, nothing in the text of Rule 15(d) provides for them. The defendants cite no binding authority instructing the court to award them. And the circumstances presented do not support their award.

\* \* \*

It is **ORDERED** that the motion to supplement the complaint, Dkt. 48, is **GRANTED**. Vertical Bridge must file its supplemental complaint by April 23, 2025. The defendants must file a supplemental answer or otherwise respond within 21 days following service of the supplemental complaint.

So **ORDERED** and **SIGNED** this 15th day of April, 2025.

_____
Bill Davis
United States Magistrate Judge