**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:24-cv-804-SDJ |
| THE TOWN OF WESTLAKE, TEXAS and THE TOWN COUNCIL FOR THE TOWN OF WESTLAKE, TEXAS, | § § § § | |
| Defendants, | § § | |

## AGREED ORDER

On April 8, 2025, the Court held a hearing on the *Motion for Protective Order Against Plaintiff's Notices to take Deposition of Dr. Anna White, Helen Eve-Beadle, and a Corporate Representative and Memorandum in Support of Motion* (the "**Motion**") filed by Defendants The Town of Westlake, Texas (the "**Town**") and The Town Council for the Town of Westlake, Texas (the "**Town Council**") (collectively, "**Defendants**") [Dkt. 37] and a conference related to a discovery dispute brought by Plaintiff Vertical Bridge Development, LLC ("**Plaintiff**") related to: (i) Defendants' responses to Plaintiff's First Set of Interrogatories (the "**Interrogatory Dispute**") and (ii) the amount of attorneys' fees Plaintiff should recover from Defendants due to Defendants' cancellation of the depositions of Dr. Anna White and Helen-Eve Beadle (the "**Fee Dispute**").

During a recess, the parties conferred and reached an agreement resolving the Motion and the Fee Dispute. The parties did not reach an agreement on the Interrogatory Dispute and the Court authorized the parties to submit motions on that issue. *See* Minute Entry, Apr. 8, 2025 at 3:08 PM. Having been advised of the parties' agreement, the Court deems the Motion and Fee Dispute **WITHDRAWN** and enters the following Order reflecting the agreement of the parties:

**IT IS ORDERED** that Defendants shall produce Dr. Anna White for a deposition to occur on April 24, 2025.  Such deposition shall be limited in scope to the following topics:

1. Interpretation of the laws that govern the decision-making process related to Plaintiff's application for a Specific Use Permit that forms the basis of this lawsuit (the "**Application**").

2. Existence and contents of studies, reports, data compilations, or other materials considered by the Town Council relating to the Application.

3. Statements made (and the bases therefor) by Dr. White during open sessions of the Town Council related to the Application.

4. Statements made (and the bases therefor) by Dr. White publicly, on social media, and/or with third parties related to the Application.

5. Cell coverage, or the lack thereof, in the Town.

6. Alternatives to Plaintiff's proposed tower that is the subject of the Application.

**IT IS FURTHER ORDERED** that the parties are directed to adhere to the following procedure for assertions of privilege:

1. The parties shall proceed with Dr. White's deposition and Dr. White must appear and testify even if it appears likely that the deliberative process, mental process, and/or legislative privileges (collectively, the "**Privileges**") may be invoked in response to questions.

2. Dr. White (or her counsel) may invoke the Privileges in response to questions, but Dr. White must then answer the question in full.  The response will be subject to the Privileges.

3. If Dr. White (or her counsel) invokes attorney-client privilege in response to a question, she need not answer the question or portions of the question that would reveal the substance of her attorney-client communications. *See* Fed. R. Civ. P. 30(c)(2).

4. The portions of Dr. White's deposition transcript containing questions and answers subject to objections raised based on the Privileges shall be deemed to contain "Confidential Information" pursuant to, and therefore subject to, the Protective Order [Dkt. 33] previously entered in this case.

5. If any party wishes to use any portion of Dr. White's deposition testimony that is subject to objections raised based on the Privileges, that party must seal those portions and submit them to the Court for *in camera* review, along with a motion to compel. The motion to compel shall be filed for the purpose of asserting why information, to which a Privileges objection has been raised, should be disclosed (*e.g.* because it is not subject to the Privileges, the Privileges have been waived, or the Privileges should not be enforced).

6. Any such motion to compel must be filed within the later to occur of five (5) days after the deposition transcript is finalized pursuant to Fed. R. Civ. P. 30(e) or thirty-five days after the deposition occurs. For avoidance of doubt, the non-moving party(-ies) shall be entitled to file a response brief and the moving party shall be entitled to file a reply brief, as provided under the applicable rules or orders, unless otherwise directed by the Court.

**IT IS FURTHER ORDERED THAT** Plaintiff is awarded $5,400 from Defendants as recovery for Plaintiff's attorney's fees incurred as a result of Defendants' cancellation of the depositions of Dr. White and Helen-Eve Beadle on February 27, 2025. Plaintiff shall provide Defendants with information reasonably necessary to pay the award, which includes without limitation a completed IRS Form W-9.

So **ORDERED** and **SIGNED** this 16th day of April, 2025.

 

_____
Bill Davis
United States Magistrate Judge