# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **VERTICAL BRIDGE** § | |
| **DEVELOPMENT, LLC** § | |
| § | |
| v. § | NO. 4:24-CV-00804-SDJ-BD |
| § | |
| **THE TOWN OF WESTLAKE, TEXAS,** § | |
| *et al.* § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vertical Bridge Development, LLC, filed an opposed motion to compel discovery responses from defendants the Town of Westlake, Texas, and the Town Council for the Town of Westlake, Texas. Dkt. 59; *see* Dkts. 64 (response), 65 (corrected response), 66 (reply). The motion will be granted in part and denied in part.

## BACKGROUND

According to the operative complaint, Dkt. 58, Vertical Bridge constructs telecommunication infrastructure for clients across the United States. It applied for a specific-use permit to build a cell tower in Westlake, but the application was denied. Vertical Bridge sued the defendants under the federal Telecommunications Act.

Vertical Bridge served interrogatories on the defendants and the defendants served their initial and supplemental responses. *See* Dkts. 59-1, 59-2, 59-3, 59-5. After satisfying the court's conference requirement, Vertical Bridge moved to compel, challenging the defendants' verification of their responses and their response to interrogatory number 20. Dkt. 59; *see* Minute Entry for April 8, 2025.

Vertical Bridge asks the court to: (1) strike all of the defendants' interrogatory responses or, alternatively, compel the defendants to provide a "proper verification" of their original and amended responses and to "fully" answer interrogatory number 20; (2) allow it to depose the people who provided the interrogatory responses; and (3) compel the defendants to pay its fees

and costs associated with those depositions. Dkt. 59 at 8, 10. It also asks for its reasonable expenses incurred in preparing and filing its motion to compel.

## LAW

Federal Rule of Civil Procedure 33 governs interrogatories to parties. It provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts," Fed. R. Civ. P. 33(a)(1), and that, "within 30 days after being served," the interrogatories must be answered

> **(A)** by the party to whom they are directed; or
>
> **(B)** if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

*Id.* R. 33(b)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* R. 33(b)(3). And "[t]he person who makes the answers must sign them." *Id.* R. 33(b)(5).

Rule 37 provides for sanctions if a party fails to answer or provides an evasive or incomplete answer to an interrogatory submitted under Rule 33. *Id.* R. 37(a)(3)(B)(iii), (a)(4), (b)(2). Under Rule 37, "a party may move for an order compelling disclosure or discovery," and the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* R. 37(a)(1).

## DISCUSSION

### I. Meet-and-Confer Requirement

The defendants argue that Vertical Bridge's motion is procedurally improper because Vertical Bridge did not confer with them before filing it. Dkt. 65 at 10. But Vertical Bridge already met and conferred regarding the discovery dispute, which is why the court held a hearing on the matter and granted Vertical Bridge permission to file its motion. *See* Minute Entry for April 8, 2025; Dkts. 36

at 5 (scheduling order), 59 at 12 (meet-and-confer verification), 66 at 2 (reply). So the defendants' argument fails.

## II. Verification

According to Vertical Bridge, the defendants did not verify their initial interrogatory responses. *See* Dkts. 59-1, 59-2. After Vertical Bridge raised the matter with the defendants, they amended their responses to include a verification signed by Town Manager Wade Carroll. *See* Dkt. 59-3 at 29. Carroll stated: "the response to Defendants' First Amended Response to Plaintiff's First Set of Interrogatories and the facts stated in it are within my personal knowledge and are true and correct." *Id.* But Carroll testified at his deposition that he lacked personal knowledge of events that pre-dated his tenure at the town, so Vertical Bridge argued that his verification was insufficient.

The defendants then served their second amended interrogatory responses. This time, the verification did not include the part about Carroll having personal knowledge. Dkt. 59-5 at 28. That change did not satisfy Vertical Bridge. It now faults the defendants for still relying on Carroll even though he lacks personal knowledge. The defendants argue that, because they promptly amended their responses each time Vertical Bridge raised the verification issue, there was no failure to respond and therefore no basis for a motion to compel. Dkt. 65 at 7–8. They add that striking their interrogatory responses is not an appropriate remedy.

Under Rule 33, interrogatories directed to a governmental agency must be answered "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). That rule does not require the officer or agent to have personal knowledge, so it does not prohibit Carroll's verification of the defendants' interrogatory responses. *See, e.g., AT&T Corp. v. Park I-10 Motors*, No. SA-13-CV-644-DAE, 2014 WL 12659767, at *2 (W.D. Tex. Apr. 28, 2014) (stating that "[a]n agent's verification is not inappropriate simply because it is based on corporate records rather than personal knowledge"). And it is appropriate for the defendants' counsel to review the relevant documents to draft answers to the interrogatories, then let Carroll verify that information based on his own review of the documents. *See* 8B Charles Alan Wright, et al., Federal Practice and Procedure § 2172 (3d ed. 2025 Supp.) (noting that "undoubtedly the common

practice is for the attorney to prepare the answers and have the party swear to them"); 7 James WM. Moore, Moore's Federal Practice—Civil § 33.104 (3d ed. 2025) (stating that "[c]ourts are aware that a party often will require and receive assistance from counsel in the preparation of responses to interrogatories").

Vertical Bridge argues that Carroll did not verify the responses despite attesting to having done so. *See* Dkt. 65-4 at 29 (verification). But that problem would not be properly remedied through a motion to compel. The defendants provided Vertical Bridge with the verification that is required by Rule 33, and that verification permits the defendants to use the interrogatory responses as permitted under the Federal Rules of Evidence. *See, e.g.*, Fed. R. Evid. 801(d)(2).

### III. Interrogatory Number 20

Vertical Bridge argues that the defendants have not fully answered interrogatory number 20. That interrogatory asks both defendants to "[i]dentify every person who furnished information used to respond to these Interrogatories, stating, with respect to each person, the interrogatories for which he or she provided information." Dkts. 59-1 at 25, 59-2 at 25. The defendants initially responded, "none." Dkts. 59-1 at 26, 59-2 at 26. Then, in both their first and second supplemental responses, they identified Carroll as the person who furnished information responsive to interrogatories 11, 12, and 19 "regarding the potential availability of alternative sites identified in those responses as 'Westlake Academy' and 'Pump Station.'" Dkts. 59-3 at 26, 59-5 at 26.

Vertical Bridge believes that answer is incomplete because someone must be providing information for the other interrogatory responses, and it believes that to be the defendants' counsel. It argues that "it is improper to allow Defendants to put out counsel's assertions of evidence under the guise of Defendants' sworn statements, especially without having a Town or Town Council witness competently verify those answers." Dkt. 59 at 8.

In response, the defendants confirmed that counsel assisted in drafting the interrogatory responses, explaining that "significant turnover among Town officials and staff between 2018 and 2024 resulted in a situation where no-one at the Town possessed any institutional knowledge that reached back to the project's inception," so "legal counsel for the Town assembled the Responses

4

to the Interrogatories" based "almost exclusively" on the administrative record. Dkt. 65 at 6–7, 14. They add that the only information obtained from outside the administrative record was that information from Carroll pertaining to the two alternative sites, which the defendants already included in their supplemental responses. They add that if Vertical Bridge wanted something other than the name of the person providing information outside of the administrative record, they should have posed an interrogatory other than number 20, which does not seek that information.

Unsatisfied, Vertical Bridge argues that the defendants still need "to identify *who* provided the information from the administrative record to answer each specific interrogatory" and state "which attorneys prepared each response." Dkt. 66 at 4. They add that the defendants should "make those individuals available for deposition." *Id.*

It is not clear from the wording of interrogatory number 20 that Vertical Bridge sought the name of each person who provided documents from the administrative record, as opposed to each person who provided responses based on personal knowledge. But assuming that is what the question sought, the defendants' custodian of records presumably provided the defendants' counsel with the documents they reviewed to draft the interrogatory responses. Without the name (or names) of that custodian and an explanation of which interrogatory response or responses were based on the document or documents provided by that custodian, interrogatory response number 20 is incomplete. Supplementation is the appropriate remedy. *See Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 69–71 (N.D. Tex. 2024). The court will not order any custodian to be deposed at the defendants' expense.

Further, Vertical Bridge is not entitled to know which attorneys assisted in drafting the defendants' interrogatory responses, nor is it entitled to seek that information through a deposition. Despite its assertion that "an attorney is not precluded from assisting in the drafting of interrogatory responses," Vertical Bridge faults the defendants' counsel for doing so. Dkt. 59 at 9. Relying on *Trueman v. New York State Canal Corp.*, No. 1:09-CV-049, 2010 WL 681341 (N.D.N.Y. Feb. 24, 2010), it argues that the "[d]efendants cannot be allowed to provide 'sworn' statements by parroting their attorney's characterization of evidence and legal theories." Dkt. 59

5

at 9 & n.8. But *Trueman* does not support their position. In that case, an individual plaintiff responded to two of the defendants' interrogatories by directing the defendants to his lawyer. 2010 WL 681341 at *5; *see* No. 1:09-cv-00049-GLS-RFT (N.D.N.Y.), Dkt. 34 at 6, 8 (stating "[p]lease refer to our [a]ttorney" and "[d]efer to attorney" in response to interrogatories numbers 6 and 14, respectively). Although the court saw "no distinction between an attorney signing the interrogatory answers or the attorney providing the response in a separate document," calling "both . . . improper under the Federal Rules," that statement refers to an attorney signing the responses on behalf of the party or responding separately from the sworn responses. *Trueman*, 2010 WL 681341 at *5. That is different from an attorney drafting responses that are sworn to by the party. In fact, the court said that "[c]ommon sense also tells us that an attorney is not precluded from assisting in the drafting of [an interrogatory response regarding a party's contention], but the answer must remain the party's and not the attorney's." *Id.* As discussed, it was Carroll, acting as the defendants' agent or officer, and not the defendants' counsel, who verified the interrogatory responses.

It is **ORDERED** that Vertical Bridge's motion is **GRANTED IN PART** and **DENIED IN PART**. Within 7 days, the defendants must supplement their response to interrogatory number 20 with the name of any custodian of records or other person who provided the document or documents relied upon to answer the interrogatories and specify which interrogatory response or responses were based on the document or documents provided by that person. The motion is **DENIED** in all other respects.

Considering all of the circumstances and the court's ruling, the parties will bear their own expenses, including attorneys' fees, in connection with Vertical Bridge's motion to compel. *See* Fed. R. Civ. P. 37(a)(5).

6

So **ORDERED** and **SIGNED** this 8th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge